JOHN D. MAXEY (SBN 117617)
DUDUGJIAN & MAXEY
A LAW CORPORATION
13 SierraGate Plaza, Bldg. B
Roseville, CA 95678
Telephone: (916) 786-7272
Facsimile: (916) 786-7306

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLLER CLUTCH TOOLS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JS PRODUCTS, INC., a Nevada corporation, and DOES 1-10,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; BREACH OF CONTRACT; AND MISAPPROPRIATION OF TRADE SECRETS.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Roller Clutch Tools, LLC ("Roller Clutch") complains and alleges as follows against Defendants, JS Products, Inc. ("JS Products"), and DOES 1-10:

## THE PARTIES

1. Roller Clutch is a limited liability company in the State of California with its principal place of business at 3470 Christian Valley Road, Auburn California 95602.

2. Upon information and belief, defendant, JS Products, is a corporation incorporated under the laws of the State of Nevada and has its principal place of business at 6445 Montessouri Street, Las Vegas, Nevada 89113. On information and belief, JS Products was founded in 1986 and

- 1 -

develops, manufactures, markets, sells and distributes tools and equipment. Specifically, JS Products imports from GreatStar into the United States certain products which are offered for sale, and sold to Lowe's in the United States, which are then resold by Lowe's at retail under the "Kobalt" product line.

3. Roller Clutch is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive ("Doe Defendants"). Upon information and belief, the Doe Defendants are involved with JS Products and/or activities alleged herein; therefore, Roller Clutch sues these defendants by such fictitious names. JS Products and the Doe Defendants are hereinafter collectively referred to as the ("Defendants"). Roller Clutch will amend this complaint to allege their true names and capacities when ascertained. Roller Clutch is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner, by their acts and/or omissions, for the matters alleged herein. Roller Clutch is further informed and believes, and thereupon alleges, that the Doe Defendants, and each of them, at all material times herein alleged, were the agents, servants, and/or employees of the other Defendants, or otherwise participated in the improper conduct alleged herein.

## JURISDICTION AND VENUE

4. The FIRST and SECOND causes of action are for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court also has personal jurisdiction over Defendants because each has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by

Defendants cause injury to Roller Clutch within this District. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate commerce.

6. This Court has supplemental jurisdiction over the THIRD through SIXTH causes of action, which assert state law claims, pursuant to the provisions of 28 U.S.C. § 1367(a). These state law claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

7. Upon information and belief, venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

## BACKGROUND

8. Roller Clutch is a product design and manufacturing company that has developed and patented a unique, reversible clutch mechanism which uses rollers rather than gears. Specifically, Roller Clutch designed and produced a roller socket wrench

9. Roller Clutch has protected its innovations through utility patents issued by the United States Patent and Trademark Office ("USPTO"). Among the patents that Roller Clutch has been awarded is United States Patent No. 6,044,944 ("the '944 patent"), entitled "Reversible, Infinitely Variable Wedging Element, Force Transfer Device," attached hereto as **Exhibit 1** and United States Patent No. 8,904,907 B2 ("the '907 patent"), entitled "Roller Clutch Reversing Mechanism," attached hereto as **Exhibit 2**. Roller Clutch filed a continuation application for the '907 patent, Application No. 14/563,010, and on December 22, 2016, received a notice, entitled "Notice of Allowance and Fee(s) Due," that the application had been examined and is allowed

for issuance, attached hereto as **Exhibit 3**. Roller Clutch, by way of assignment, owns all rights, title, and interest in each of these patents.

10. On or about December 10, 2013, Hangzhou Greatstar Industrial Co., Ltd., ("Greatstar"), a Chinese designer, manufacturer and supplier of tools, approached Roller Clutch regarding a potential licensing agreement for a roller socket wrench. Roller Clutch and GreatStar entered into a "Non-Disclosure Agreement," attached hereto as **Exhibit 4**.

11. On or about February 9, 2014, Roller Clutch and Greatstar had a meeting to demonstrate the product, which resulted in Greatstar indicating that it wished to move forward with a licensing agreement.

12. On or about March 5, 2014, Roller Clutch sent prototypes and 3D files of the product to Greatstar.

13. On or about April 17, 2014, Roller Clutch had a meeting with Greatstar and Lowe's. At the meeting Lowe's approved the roller socket wrench design and verbally indicated that it wished to sign a purchase order for 600,000 units with Greatstar. Roller Clutch would license the products to Greatstar for $0.50 per unit for the initial order of 600,000 then at a rate of 8% for all additional orders.

14. At some point, on or about April 17, 2014 through May 7, 2014, JS Products interjected itself into the deal. Specifically, on or about May 7, 2014, Greatstar called Roller Clutch to inform them that JS Products was now involved in the deal. JS Products falsely claimed to have an exclusive supply agreement with Lowe's Kobalt tool line. Greatstar, relying on JS Products assertions, reopened negotiations with Roller Clutch. Greatstar proposed a 50% reduction to royalties and Roller Clutch refused, effectively killing the entire deal.

15. On or about July 10, 2014, Roller Clutch is informed by Greatstar that Lowe's

-4-

would be using a different roller socket wrench design. Roller Clutch requested that Greatstar return all prototypes and files related to the roller socket wrench design.

16. On or about August 4, 2014, Greatstar informed Roller Clutch that it no longer had the prototypes because it had sent them to JS Products.

17. On or about August 11, 2014, Roller Clutch contacted JS Products to inquire about the prototypes. JS Products acknowledged it received and reviewed the prototype but could not locate it at that time.

18. In or about October 1, 2014, Lowe's began advertising and distributing the "Kobalt Direct Drive Gearless Ratchet."

19. On or about October 14, 2014, Roller Clutch met with JS Products to discuss the infringing "Kobalt Direct Drive Gearless Ratchet" and future products. JS Products denied any infringement on their part and entered into a "Mutual Non-Disclosure Agreement," attached hereto as **Exhibit 5**.

20. On or about November 17, 2015, Roller Clutch sent a demand letter to JS Products regarding its infringement of the '944 and '907 patents.

21. Negotiations between the parties broke down on or about March 28, 2016.

## FIRST CAUSE OF ACTION

### (Infringement of the '944 Patent)

22. Roller Clutch hereby incorporates and realleges by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

23. On April 4, 2014, United States Patent No. 6,044,944 ("the '944 patent"), entitled "Reversible, Infinitely Variable Wedging Element, Force Transfer Device," was duly and legally issued in the names of Daniel T. Adams and Eugene F. Duval. By virtue of proper assignment,

- 5 -

Roller Clutch has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof. A Copy of the '944 patent is attached hereto as **Exhibit 1**.

24. Upon information and belief, Defendants have notice of Roller Clutch's rights in the '944 patent.

25. Defendants have infringed and continue to infringe, directly and indirectly through contributory or induced infringement, one or more claims of the '944 patent by manufacturing, using, importing, offering to sell, and/or selling products embodying one or more of the inventions claimed therein within the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '944 patent.

26. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Roller Clutch. Roller Clutch has no adequate remedy at law. Roller Clutch is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

27. As a direct and proximate result of the foregoing acts of Defendants, Roller Clutch has suffered, and is entitled to, monetary damages in an amount not yet determined. Roller Clutch is also entitled to its costs of suit and interest.

28. Upon information and belief, Defendants' acts were in conscious and willful disregard for Roller Clutch's rights, and the resulting damage to Roller Clutch is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND CAUSE OF ACTION

### (Infringement of the '907 Patent)

29. Roller Clutch hereby incorporates and realleges by reference each of the

allegations in the preceding paragraphs of this Complaint as though fully set forth here.

30. On December 9, 2014, United States Patent No. 8,904,907 B2 ("the '907 patent"), entitled "Roller Clutch Reversing Mechanism," was duly and legally issued in the name of Earl Stuart Douglass. By virtue of proper assignment, Roller Clutch has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof. A Copy of the '907 patent is attached hereto as **Exhibit 2**. Roller Clutch filed a continuation application for the '907 patent, Application No. 14/563,010, and on December 22, 2016, received a notice, entitled "Notice of Allowance and Fee(s) Due," that the application had been examined and is allowed for issuance, attached hereto as **Exhibit 3**.

31. Upon information and belief, Defendants have notice of Roller Clutch's rights in the '907 patent.

32. Defendants have infringed and continue to infringe, directly and indirectly through contributory or induced infringement, one or more claims of the '907 patent by manufacturing, using, importing, offering to sell, and/or selling products embodying one or more of the inventions claimed therein within the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '907 patent.

33. Defendants' continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Roller Clutch. Roller Clutch has no adequate remedy at law. Roller Clutch is entitled to preliminary and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

34. As a direct and proximate result of the foregoing acts of Defendants, Roller Clutch has suffered, and is entitled to, monetary damages in an amount not yet determined. Roller Clutch is also entitled to its costs of suit and interest.

35. Upon information and belief, Defendants' acts were in conscious and willful disregard for Roller Clutch's rights, and the resulting damage to Roller Clutch is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

36. Roller Clutch hereby incorporates and realleges by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

37. Roller Clutch, GreatStar and Lowe's were in an economic relationship. That relationship contained the probability of future economic benefit in the form of profitable Kobalt account with Lowe's which would include licensing agreements for Roller Clutch's roller ratchet wrench design. Had Defendants refrained from engaging in their unlawful and wrongful conduct, there is a substantial probability that GreatStar and Lowe's would have initiated licenses with Roller Clutch rather than Defendants.

38. On information and belief, Defendants were aware of these economic relationships and intended to interfere with and disrupt them by making false representations to GreatStar, specifically that Defendants held an exclusive supply agreement with Lowe's. Further, Defendants introduced an infringing product to effectively capture the deal.

39. As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing GreatStar and Lowe's to contract with Defendants instead of Roller Clutch for their product.

40. As a direct and proximate result of Defendants' actions, Roller Clutch has suffered economic harm, including, but not limited to, loss of profits from licenses to GreatStar and Lowe's. Defendants' wrongful conduct was a substantial factor in causing this harm.

41. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Roller Clutch irreparable injury for which there is no adequate remedy at law.

42. Defendants' interference with Roller Clutch's prospective economic advantage with the Kobalt account with Lowe's, as described above, was willful, malicious, oppressive, and in conscious disregard of Roller Clutch's rights, and Roller Clutch is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

## FOURTH CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Advantage)

43. Roller Clutch hereby incorporates and realleges by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

44. Roller Clutch, GreatStar and Lowe's were in an economic relationship. That relationship contained the probability of future economic benefit in the form of profitable licensing agreements for Roller Clutch's RollerWrench. Had Defendants refrained from engaging in their unlawful and wrongful conduct, there is a substantial probability that GreatStar and Lowe's would have initiated licenses with Roller Clutch rather than Defendants.

45. Defendants knew or should have known about the economic relationship, described above, and knew or should have known that these relationships would be interfered with and disrupted if Defendants failed to act with reasonable care. Defendants failed to act with reasonable care. Instead, Defendants wrongfully made false representations and infringed Roller Clutch's patents to obtain and retain for themselves all royalties at Roller Clutch's expense and without the cost of competing fairly.

46. As a result of Defendants' acts, the above-described relationships have been actually

disrupted, causing GreatStar and Lowe's to contract with Defendants instead of Roller Clutch for their product.

47. As a direct and proximate result of Defendants' actions, Roller Clutch has suffered economic harm, including, but not limited to, loss of profits from licenses to GreatStar and Lowe's. Defendants' wrongful conduct was a substantial factor in causing this harm.

48. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Roller Clutch irreparable injury for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

49. Roller Clutch hereby incorporates and realleges by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

50. On or about October 14, 2014, in Las Vegas, Nevada, Roller Clutch and Defendants entered into a written "Mutual Non-Disclosure Agreement", a copy of which is attached hereto as **Exhibit 5** and incorporated herein by this reference.

51. Pursuant to Paragraph 1 of the Mutual Non-Disclosure Agreement, the parties agreed that it might be necessary for one party to disclose certain Confidential Information to the other party including, inter alia, inventions, processes, methods, products, patent applications and other proprietary rights, and any specifications, drawings, sketches, models, samples, tools, in connection with the pursuit of a business relationship.

52. The parties further agreed that each party would maintain the confidentiality of the other party's Confidential Information in the same manner as it protects its own Confidential Information. Paragraph 2 also explicitly prohibits the receiving party of Confidential Information

from disclosing it to any third party or using it in connection with its own business.

53. In an effort to establish a business relationship, Roller Clutch disclosed Confidential Information to Defendants.

54. That in or about October, 2014, defendant breached the contract by disclosing Confidential Information to GreatStar and Lowe's.

55. Upon information and belief, in the course of developing and marketing the infringing product to third parties, Defendants have materially breached Paragraphs 1 and 2 of the Mutual Non-Disclosure Agreement by disclosing and using the Confidential Information disclosed to it by Roller Clutch.

56. Roller Clutch has been and continues to be damaged as a result of Defendants' material breach of Paragraphs 1 and 2 of the Mutual Non-Disclosure Agreement.

57. Unless permanently enjoined, Defendants will continue to disclose and use Roller Clutch's Confidential Information, thereby causing Roller Clutch irreparable injury for which there is no adequate remedy at law.

### SIXTH CAUSE OF ACTION

**(Misappropriation of Trade Secrets)**

58. Roller Clutch hereby incorporates and realleges by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

59. Defendants were in possession of Roller Clutch's prototype and/or technical files, which utilize and embody special design concepts, unique engineering characteristics, and production techniques. All are extremely valuable assets and which constitute trade secrets in that the information contained in such items is not generally known to persons outside of Roller Clutch's business and is reasonably protected from disclosure, including but not limited to, the provisions of

Paragraphs 1 and 2 of the Mutual Non-Disclosure Agreement.

60. Commencing on or about October 14, 2014, and continuing to the present time, Defendants misappropriated the above-described trade secrets of Roller Clutch by taking and using Roller Clutch's prototype and/or technical files to develop, market, produce and sell the Kobalt Direct Drive Gearless Ratchet to Lowe's.

61. Roller Clutch is informed and believes and thereon alleges that the aforementioned acts of Defendants were malicious, oppressive and fraudulent in that Defendants misappropriated Roller Clutch's trade secrets with the deliberate intent to injure Roller Clutch's business and improve its own.

62. Unless permanently enjoined, Defendants will continue to use Roller Clutch's trade secrets, thereby causing Roller Clutch irreparable injury for which Roller Clutch has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Roller Clutch prays for judgment against Defendants as follows:

### FIRST AND SECOND CAUSES OF ACTION

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently:

    (a) from infringing the '907 patent, either directly or contributorily;

    (b) from inducing others to infringe the '907 patent;

    (c) from infringing the '944 patent, either directly or contributorily;

    (d) from inducing others to infringe the '944 patent;

    (e) from manufacturing, advertising, distributing, marketing, importing,

promoting, offering for sale, and/or selling the roller socket wrench.

(f) from representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate from Roller Clutch, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services.

2. That Defendants be required to deliver up to the Court any and all products in their possession, custody, and/or control that infringe the '907 patent and the '944 patent.

3. That Defendants be required to prepare and deliver to the Court a complete list of entities from whom Defendants purchased, and to whom they distributed and/or sold, products that infringe the '907 patent and the '944 patent, and to serve a copy of such list on Roller Clutch's attorneys.

4. That Defendants be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any products that infringe the '907 patent and the '944 patent.

5. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Roller Clutch's attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1-4, above.

6. That Defendants be required to account for and pay over to Roller Clutch their profits and the cumulative damages sustained by Roller Clutch by reason of Defendants' unlawful acts of patent infringement herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Roller Clutch.

7. That the Court order disgorgement and/or restitution of Defendants' profits to Roller

Clutch.

8. That Roller Clutch be awarded its reasonable costs and attorneys' fees.

9. That the present case be found exceptional and that attorneys' fees be awarded to Roller Clutch under 35 U.S.C. § 285.

10. That Roller Clutch be awarded punitive damages.

11. That Roller Clutch have such other and further relief as the Court may deem proper.

## THIRD AND FOURTH CAUSES OF ACTION

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from unfairly interfering with Roller Clutch's advantageous business relations.
That Roller Clutch be awarded damages according to proof.

2. That Roller Clutch be awarded punitive damages.

3. That Roller Clutch be awarded its reasonable costs and attorneys' fees.

4. That Roller Clutch have such other and further relief as the Court may deem proper.

## FIFTH CAUSE OF ACTION

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from disclosing and using Roller Clutch's Confidential Information.

2. That Roller Clutch be awarded damages according to proof.

3. That Roller Clutch be awarded punitive damages.

4. That Roller Clutch be awarded its reasonable costs and attorneys' fees.

5. That Roller Clutch have such other and further relief as the Court may deem proper.

## SIXTH CAUSE OF ACTION

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently from appropriating or utilizing any of the design concepts, engineering characteristics, production techniques or other confidential information deemed to be a trade secret.

2. That Roller Clutch be awarded damages according to proof.

3. That Roller Clutch be awarded punitive damages.

4. That Roller Clutch be awarded its reasonable costs and attorneys' fees.

5. That Roller Clutch have such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Roller Clutch hereby demands trial by jury on all issues raised by the Complaint.

DATED: January 4, 2017

DUDUGJIAN & MAXEY
A Law Corporation

By: *(signature)*
JOHN D. MAXEY

*Attorneys for Plaintiff Roller Clutch Tools, Inc.*